In the Matter of MYRON S. YOCHELSON, an Attorney, Respondent.

First Department, July 22, 1932.

*Edward S. Greenbaum* of counsel [*George R. Adams,* attorney], for the petitioner.

*William L. Wemple,* for the respondent.

FINCH, P. J.   The respondent was admitted to practice as an attorney and counselor at law in the State of New York on the 18th day of November, 1901, at a term of the Appellate Division of the Supreme Court, First Department.

By the petition herein he was charged with professional misconduct in that he converted to his own use certain money, collected by him as such attorney for a client.   The respondent answered and the matter was referred to an official referee to take testimony with respect to the charge and to report the same to the court with his opinion thereon.   The learned referee has duly reported, and the matter now is before this court upon the motion of the petitioner for such action as to this court may seem just and proper.

There is no dispute concerning the facts.   They are, in brief, as follows:

The respondent was employed by the executors of one Jeruchim H. Simpson, who died on or about March 17, 1925, to collect for them the rents of certain premises.   For his services to the estate the executors agreed to pay the respondent $4,000.   Between the 20th of April, 1925, and the 6th of July, 1926, the respondent collected rentals of the aforesaid property in the sum of $10,463.39, which he deposited in his personal account.   In June and July, 1926, the respondent paid to the executors amounts aggregating $3,000, which, after deducting the agreed fee to the respondent of $4,000, left a balance of $2,428.38 due to the estate.   Between

June, 1926, and 1930 the executors, upon numerous occasions, demanded payment without avail, and in 1930 they retained William Lurie, an attorney, to collect the money from the respondent. On January 24, 1930, Mr. Lurie wrote the respondent demanding a statement of account and explanation in reference to the affairs of the estate. In response the respondent submitted such statement and tendered a certified check for $2,428.38 in full payment of balance due. This check was not deposited by the executors. A demand was made upon the respondent for interest upon the balance during the period it had been withheld. Mr. Lurie further informed the respondent that in view of his having retained $4,000 for services for settling the affairs of the estate, he should compensate Lurie from that amount for services rendered by him to the estate. After the filing of the charges against the respondent which are the subject of this proceeding, he turned over to Mr. Lurie a check for $522.08, representing interest upon the withheld fund. Mr. Lurie magnanimously has waived any claim for services to the estate in winding up its affairs.

The learned referee has reported in part as follows: " There does not appear to be any substantial dispute regarding the facts of the matter. The respondent deposited the first item of rent collected in his personal account and thereafter followed that practice. He found himself unable to account to his clients and advised Mr. Fisher that he was unable to do so, whereupon Mr. Fisher said, ' Well, make it up as soon as you can. Make it up as soon as possible.' His testimony before me was given with utmost frankness and with no effort to conceal what transpired.

" He stated: ' But as time went on, circumstances were very poor with me, and I was unable to make the account — that is, to pay over the money when I should have done so. I realize that it was wrong on my part to have done so, but, unfortunately, circumstances caused me to do this.' "

The referee further states: " The circumstances of the case seem to indicate that the use of the money and the mingling of the estate funds with his own was not an intentional misappropriation but was carelessly done. He used these funds more through a lack of systematic conduct of his financial affairs than an intentional and deliberate misappropriation. The executors were lenient and he doubtless felt that the money could and would be restored by him. He failed entirely to realize the impropriety of his practice in the matter until the seriousness of his predicament was brought home to him by the intervention of Lurie and the subsequent taking up of the matter by the County Lawyers' Association, though it does appear that he turned the money over to Lurie

shortly after Lurie inquired of him regarding it. I am of the opinion that he at all times honestly intended to make good the amount of money which he had used and at no time made any effort to conceal the real condition of the fund, either with his clients, Mr. Lurie, the New York County Lawyers' Association or this Court."

The referee further states that the respondent appears to have handled considerable money for his clients heretofore without irregularity, and that he has received a number of letters from persons of the highest standing in the community certifying to the good character of the respondent, which letters have been filed with the report.

The predicament in which this respondent finds himself but emphasizes the wisdom of the rule which compels the keeping of the funds of clients separate and apart from the personal funds of the attorney.

The restitution made by the respondent prior to the institution of this proceeding, while furnishing no excuse for his conduct, nevertheless is a mitigating circumstance to be considered in connection with the discipline which must be meted out to him. Another mitigating circumstance is the frank attitude of this respondent throughout this proceeding and his apparent realization of and contrition for his misconduct.

In the light of the mitigating circumstances in this case, including the excellent character which the respondent has heretofore borne, it is the judgment of this court that the respondent should be suspended for three months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

McAvoy, Martin, Sherman and Townley, JJ., concur.

Respondent suspended for three months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.